WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Ann Jeffries,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-17-0893-PHX-DKD<br><br>**ORDER** |

Lorie Ann Jeffries[1] appeals from the denial of her application for benefits by the Social Security Administration and argues that the ALJ should not have rejected the opinion rendered by her treating physician and did not provide sufficient reasons for rejecting her symptom testimony. (Doc. 16)

This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). (Doc. 14) Because the Court concludes that the ALJ did not err, the Court will uphold the denial of benefits.

**Standard of Review**

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th

---

[1] The record reflects that Plaintiff's first name is spelled "Lorie" and will order the Clerk of the Court to amend this matter accordingly.

Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1988). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). The Court must do more than merely rubber stamp the ALJ's decision. *Winans v. Bowen*, 853 F.2d 643, 645 (9th Cir. 1988). However, where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Magallanes*, 881 F.2d at 750.

### Background

Jeffries was 46 years old on the alleged onset date, November 20, 2012. Jeffries has a 10th grade education and past relevant work was as a cashier and cashier supervisor. (Tr. 21, 37, 52)

The ALJ decision followed the requisite five step process. (Tr. 21-27) The ALJ found that Jeffries had not engaged in any substantial gainful activity since her alleged onset date. (Tr. 23) Next, the ALJ found that Jeffries had the following severe impairments: degenerative disc disease and dysfunction of major joints. (Tr. 23) However, these impairments did not meet or medically equal the severity of any listed impairments. (Tr. 23)

The ALJ found that several factors in the record weighed against Jeffries' credibility about the severity of her symptoms and her inability to work. (Tr. 25) The ALJ then noted that her testimony about the effect of pain medications was not consistent with her medical record. (Tr. 25) The ALJ then noted that Jeffries' medical treatment has included steroid injections, "some physical therapy," and pain management with medication. (Tr. 25) The ALJ also noted that Jeffries' x-rays of her lumbar spine showed minimal levoscoliosis of the lower lumbar spine with minimal spondylosis and probable facet arthrosis, as well as arteriosclerotic vascular disease. Further, x-rays of her cervical spine were unremarkable. Finally, the ALJ decision noted that the medical record referred to a MRI that predated the alleged onset date and indicated cervical spine issues. (Tr. 25)

The ALJ then described the various medical opinions about Jeffries' ability to perform work related tasks and concluded that Jeffries could perform light work subject to additional limitations. (Tr. 24-26) Accordingly, the ALJ found that Jeffries was capable of performing her past relevant work and, therefore, did not meet the Social Security Act's definition of disability. (Tr. 27)

**Analysis**

<u>Jeffries' Testimony</u>. Jeffries argues that the ALJ rejected her symptom testimony without providing the necessary specific, clear, and convincing reasons supported by substantial evidence. (Doc. 16 at 16)

*Testimony*. At the hearing, Jeffries testified about her symptoms. (Tr. 38-45, 48, 49) She stated that she had constant pain in her neck and hands and that the pain extends to her neck and face. She stated that her face pain is so severe that she can hardly eat. She stated that she also experienced lower back pain and that injections for her lower back had increased her symptoms. She said that she took pain medication every day and the medication made her feel tired and forgetful and did not work on her lower back pain. She testified that her hands froze up after 20-30 minutes of use and that weakness in her left arm was moving to her right arm.

Jeffries also testified that her COPD caused shortness of breath and affected her ability to walk but that her back pain would limit her walking before she became short of breath. She stated that she did not drive due to her neck pain and she could only sit down for one hour before she needed to move. She stated that she could stand for 30 minutes before she needed to sit and she spent most of the day lying down because of her pain.

*Standard of Review.* An ALJ must engage in a two-step analysis in evaluating the credibility of a claimant's testimony regarding alleged symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms. *Id.* at 1281. Second, when there is no affirmative evidence suggesting malingering, the ALJ must also set forth "specific, clear and convincing reasons" before it can reject a claimant's testimony about the severity of symptoms. *Id.* at 1283-84. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The clear and convincing standard is the most heightened standard in Social Security Law. *Moore v. Soc. Sec. Admin.*, 278 F.3d 920 (9th Cir. 2002). To support a finding that the symptoms are not credible, the ALJ must offer specific findings properly supported by the record in sufficient detail to allow a reviewing court to review the findings for permissible grounds and freedom from arbitrariness. *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986), *superseded by statute on other grounds as stated in Bunnell v. Sullivan*, 912 F.2d 1149 (9th Cir.1990).

*Analysis.* Jeffries argues that the ALJ did not provide a legally sufficient explanation for discounting her testimony. The Court disagrees. The ALJ noted that Jeffries "routinely" told her pain management doctors that her pain management medication produced minimal side effects and was well-tolerated. The ALJ also noted that Jeffries had informed her doctors that her pain medications controlled her pain and helped with numbness and muscle spasms. (Tr. 25) This information is a direct contrast to her testimony that she was experiencing constant pain and that her pain medication made her so tired and forgetful that she could not function. (Tr. 24)

Although the ALJ explained the "decision with less than ideal clarity, [this Court] must uphold it if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (internal quotation omitted). The Court concludes that the ALJ's decision was sufficiently specific and was supported by the record. Because the Court can discern the ALJ's path, the Court will uphold the decision.

<u>Treating Physician Opinion</u>. Jeffries argues that the ALJ should not have rejected the opinion rendered by her treating physician, David Cluff, D.O., in favor of an opinion from a reviewing doctor. (Docs. 16, 24)

*Medical Record.* The record indicates that Jeffries established care with Dr. Cluff on March 13, 2013. The medical record from that visit lists only shoulder pain in the "history of present illness" section. Dr. Cluff referred Jeffries to a physical therapist for shoulder pain and, at her request, referred her to a pain medicine specialist for her chronic neck pain. (Tr. 394, 436)

Jeffries next saw Dr. Cluff six months later, on September 23, 2013. The "history of present illness" section of the records from this visit lists only GERD and states that she has had heartburn for the last nine years. Dr. Cluff also assessed Jeffries to have asthma and prescribed her medications for heartburn and asthma.[2] (Tr. 391-93, 433-35)

These are the only two visits documented in the record before Dr. Cluff completed a check-box form two years later, on September 22, 2015. In that assessment, Dr. Cluff opined that Jeffries could sit continuously for 60 minutes and for a total of less than two hours in an eight hour day; could continuously stand/walk for a single period of three hours and a total of three hours in an eight hour day; could continuously lift up to five pounds, frequently lift 6-10 pounds, occasionally lift 11-25 pounds, and rarely lift 26-100 pounds; could rarely carry anything; could rarely stoop, crawl, climb, or reach; could occasionally squat; could occasionally use her hands for simple grasping and fine

---

[2] The Court notes that part of Jeffries' argument is based on a misstatement of the record. Jeffries argues that Dr. Cluff prescribed her several pain relief medications but cites to records from different providers at different medical practices. (Doc. 16 at 8:18-19)

manipulation; could frequently use her hands for pushing/pulling of controls; could use her feet for repetitive movements; was totally restricted from unprotected heights, occupational driving, and exposure to dust, fumes, and gases; needed moderate restrictions to be around moving machinery and mild restrictions in exposure to marked changes in temperature or humidity. Finally, Dr. Cluff opined that Jeffries experienced a moderately severe impact in her ability to function from pain and fatigue. (Tr. 489-91)

Approximately five months later, on February 5, 2015, Jeffries had an appointment with Dr. Cluff where he assessed her to have neck pain, GERD, and asthma. She received medication refills and, at Jeffries request, a referral to another pain medicine specialist. (Tr. 429-32) This is the last medical note in the record from Dr. Cluff.[3]

The ALJ decision referred to Dr. Cluff's medical notes when describing Jeffries' neck pain and shoulder issues. (Tr. 25) The ALJ decision also detailed the limitations contained in Dr. Cluff's medical source statement and then concluded as follows: "I find that the conservative treatment and response to medication do not support this level of restriction, and therefore I give this opinion only little weight." (Tr. 26)

*Other Opinions.* The ALJ decision discussed the other medical opinions about Jeffries' ability to perform work-related activities. First, a consultative examination concluded that Jeffries' impairments did not impose any limitation for 12 months. The ALJ decision detailed the examination and then modified the conclusion in Jeffries' favor by deciding that her impairments did restrict her to light work for more than 12 months. (Tr. 25-26, 419)

The ALJ decision also noted that a state agency consultant had concluded that Jeffries' impairments were not severe. (Tr. 26, 66) Subsequently, on reconsideration, state agency medical consultant J. Wright, M.D., concluded that Jeffries could perform medium work subject to some additional limitations. (Tr. 94-101) The ALJ gave Dr.

---

[3] In November 2016, Dr. Cluff completed another check-box form which was submitted to the Appeals Council. (Tr. 6, 550) Jeffries does not mention this on appeal and so this Court will not consider it.

Wright's opinion substantial weight but also modified his conclusion "to a light range in order to afford [Jeffries] the benefit of the doubt." (Tr. 26)

*Standard of Review.* As the Ninth Circuit recently articulated,

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6).

*Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is contradicted, "it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle v. Comm'r, Social Sec. Admin.,* 533 F.3d 1155, 1164 (9th Cir. 2008) (internal quotation omitted).

*Analysis.* Again, the Court acknowledges that the ALJ decision is not a model of detail but, because a path can be reasonably discerned, the Court will affirm. *Molina*, 674 F.3d at 1121. The ALJ concluded that Dr. Cluff's opinion was not supported by the medical evidence in the record documenting Jeffries' conservative treatment and her response to medication. The Court agrees that there is substantial evidence in the record showing both her conservative treatment and a documented response to pain management medication. Accordingly, the Court concludes that there are specific and legitimate reasons.

Because the Court concludes that there was no error, Jeffries' arguments are not well taken.

**IT IS ORDERED** that the decision of the ALJ and the Commissioner of Social Security is affirmed.

**IT IS FURTHER ORDERED** that the Clerk of the Court will enter judgment accordingly. The judgment will serve as the mandate of the Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the caption in this matter to reflect that Plaintiff's first name is spelled "Lorie."

Dated this 15th day of December, 2017.

_____
David K. Duncan
United States Magistrate Judge